[No. 12282.   Department Two.   April 20, 1915.]

E. P. COLEMAN, *Respondent*, v. CARSTENS PACKING
COMPANY, *Appellant*.[1]

ANIMALS—PASTURAGE—ACTION ON CONTRACT—COMPLAINT. A complaint states a cause of action for breach of contract to furnish sheep for pasturage, and not a cause of action for the sale of wheat, where it alleges that plaintiff in the month of July sold to the defendant the exclusive right of pasturing two thousand or more head of sheep upon the standing wheat on a certain section of land owned by plaintiff; that defendant agreed to immediately provide the sheep and pasture them until the wheat was fully consumed and pay therefor one-half cent per head of sheep per day; that the wheat was then in good condition for grazing and would have furnished pasturage for 2,000 sheep for ninety days; that defendant failed to furnish or pasture sheep upon the wheat until about four months later, when it grazed about 3,000 head of sheep upon the land for about one week's time, and that by reason thereof, plaintiff had been damaged in the sum of $900.

APPEAL—REVIEW—VERDICT. Where the evidence of opposing litigants supports the material allegations of their respective pleadings, the verdict will not be reviewed on appeal.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered March 7, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.   Affirmed.

*C. F. Wilt, Frank H. Kelley*, and *Ralph Woods*, for appellant.

*J. D. Bauer*, for respondent.

MAIN, J.—The complaint in this case, aside from the formal parts, alleges: That on or about July 31, 1912, the plaintiff sold to the defendant the exclusive right of pasturing two thousand or more head of sheep upon all the standing wheat then upon one certain section of land in Grant county, Washington, owned by the plaintiff; that it was agreed that the defendant should immediately provide the sheep and pas-

[1] Reported in 147 Pac. 893.

ture them until the wheat was fully consumed, and pay the plaintiff therefor the sum of one-half cent per head of sheep per day; that at the date of making the sale, the wheat was in good condition for grazing and pasturing purposes, and would have furnished pasturage for 2,000 head of sheep for ninety days; that the defendant failed to furnish or pasture sheep upon the wheat until the latter part of November, 1912, at which time it grazed about 3,000 head of sheep upon the land mentioned for a period of about one week's time; that by reason thereof the plaintiff has been damaged in the sum of $900.

On a second cause of action, the plaintiff sought to recover the sum of $105, this being the amount which would be due under the contract for the number of sheep supplied during the latter part of November, for the time which they were pastured upon the land.

The defendant denied the allegations of both the first and second causes of action as stated in the complaint, and by way of counterclaim alleged: That about the 27th day of July, 1912, the plaintiff stated to the defendant that the former had water and wheat pasture in Grant county sufficient for 5,000 head of sheep; that the defendant offered to the plaintiff to purchase sheep in the market and to pasture them on the plaintiff's wheat for one-half cent per sheep per day, which offer was accepted; that thereafter the defendant bought and shipped to the pasture 2,094 head of sheep and, on arrival, found that the water and wheat pasturage had been misrepresented by the plaintiff; that there was feed for only about one day, and insufficient water for any time; that by reason thereof the defendant was compelled to take the sheep to other pasturage, which caused them to shrink in size, and caused loss by delay in feeding for market, to the damage of the defendant amounting to $2,094.

By reply, the allegations of the counterclaim were denied. Upon issues framed by the pleadings, the cause was tried to the court and a jury. A verdict was returned in favor of the

plaintiff.    Motion for judgment notwithstanding the verdict and for a new trial being made and overruled, a judgment was entered upon the verdict in the sum of $600.    The defendant appeals.

Without detailing the evidence, it may be stated generally that the evidence produced by the respondent tended to support the allegations of the complaint.    The evidence offered by the defendant tended to support the defendant's denial of the material allegations of the complaint, and the facts stated in its counterclaim.    The respondent's evidence tended to support his denial of the allegations of the counterclaim. The appellant claims, however, that there was a departure from the complaint in the evidence offered by the respondent, in that the first cause of action in the complaint stated a cause of action for the sale of the wheat, while the evidence showed a contract for pasturage.    This contention cannot be sustained.    The complaint, properly construed, states a first cause of action for damages for failure to furnish the sheep at the time agreed upon.    When all the allegations are considered, this is plainly its proper construction.    The evidence offered was to the same effect.    Since there was evidence supporting both the allegations of the complaint and of the counterclaim, the question became one for the jury. The appellant in its brief makes no complaint of the instructions given by the trial court to the jury.    We find no error in the record which would justify this court in reversing the judgment and directing a new trial.

The judgment will be affirmed.

MORRIS, C. J., CROW, MOUNT, and FULLERTON, JJ., concur.